**LAMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Joseph S. Maniscalco, Esq.
*Proposed Counsel for the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PUERTO PLATA SEAFOOD CORP.,<br><br>Debtor. | Chapter 11<br>Case No. 26-45148 (JTB)<br><br>Subchapter V |

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE ITS CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK ACCOUNTS AND (III) RECEIVE A TEMPORARY WAIVER OF CERTAIN OPERATING GUIDELINES RELATING TO BANK ACCOUNTS**

Puerto Plata Seafood Corp., the above-captioned debtor and debtor in possession ("Debtor"), by and through its proposed attorneys, LaMonica Herbst & Maniscalco, LLP, hereby submits this motion ("Motion") pursuant to sections 105, 345 and 363 of chapter 11 of title 11 of the United States Code ("Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") for entry of an order: (a) authorizing, but not directing, the Debtor to: (i) continue using its cash management system; (ii) maintain and continue using its existing bank accounts; and (iii) receive a temporary waiver of certain operating guidelines relating to the Debtor's bank accounts. In support of the Motion, the Debtor respectfully represents as follows:

## INTRODUCTION

1. On November 3, 2026 ("Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York ("Court").

2. The Debtor has elected to file this case under Subchapter V of Chapter 11 of the Bankruptcy Code, the Small Business Debtor Reorganization Act.

3. A Subchapter V trustee has not yet been appointed.

4. The Debtor remains in possession of its property and continues to operate and manage its properties and affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtor is a New York corporation that was established in 2013. The Debtor operates as a wholesale seafood distributor to restaurants and marketplaces. The Debtor's principal place of business is located at 98-21 97th Avenue, Ozone Park, New York 11416.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicates for the relief sought herein are sections 105, 363, 1107 and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

**BACKGROUND**

**A. Brief Description of the Debtor's Cash Management System and Bank Accounts**

9. Prior to the Filing Date, in the ordinary course of the Debtor's business, the Debtor maintained a cash management system comprised of:

i. Bank of America, checking account ending *6349;

ii. OceanFirst Bank, checking account ending *6264; and

iii. Bank of America, checking account ending *2560.

(collectively, "Bank Accounts" or "Cash Management System"). The Cash Management System enables the Debtor to manage and control corporate funds and ensure cash availability.

## RELIEF REQUESTED

10. By this Motion, the Debtor seeks entry of an order, pursuant to sections 105(a), 345, and 363 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, authorizing the Debtor to: (i) continue its Cash Management System in the ordinary course of business, consistent with its pre-petition practices; (ii) temporarily maintain its existing Bank Accounts, until such time as the accounts are converted to debtor-in-possession accounts ("DIP Accounts") or a new DIP Account is opened (with all transfers to the DIP Account having occurred and then the Debtor will close the prior Bank Accounts); and (iii) receive a temporary waiver of certain operating guidelines relating to the Bank Accounts set forth in the U.S. Trustee Guidelines.

11. Debtor submits that the relief requested herein is a reasonable exercise of its business judgment and will help ensure the Debtor's orderly entry into chapter 11 and avoid many of the possible disruptions to its operations during the critical early days of this chapter 11 case.

## BASIS FOR RELIEF REQUESTED

### A. The Debtor Should Be Authorized to Continue to Use the Cash Management System Under Section 363 of the Bankruptcy Code

12. The Debtor requests authority to continue to use its Cash Management System in order to avoid disruption to its business operations and preserve its going concern value. The Cash Management System constitutes a customary and essential business practice for the Debtor. It allows the Debtor to track all cash payments, control and monitor company funds and ensure cash availability. Requiring the Debtor to immediately close its Bank Accounts and establish a new system of accounts would be unduly burdensome with little corresponding benefit since, among other things, such an exercise would be (a) costly, (b) disrupt the Debtor's ability to satisfy post-

petition payables in a timely manner, potentially causing a loss of trade credit and customer and employee confidence, and (c) interfere with the efficient management of the Debtor's resources and its ongoing operations. Accordingly, the Debtor respectfully requests that the Court authorize the Debtor's continued use of the Cash Management System described and as set forth herein, until such time as the accounts are converted to DIP Accounts or a new DIP Account is opened and the current Bank Accounts are closed after all necessary transfers have been made and cleared.

13. The Debtor further requests that Bank of America and OceanFirst Bank – the banks where there Debtor holds its Bank Accounts – be authorized to: (a) continue to administer the Bank Accounts in the manner maintained prior to the Filing Date in the usual and ordinary cours; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor (i) after the Filing Date, or (ii) prior to the Filing Date, for the payment of any and all amounts approved by this Court.

14. Section 363(c)(1) of the Bankruptcy Code authorizes a debtor to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. §363(c)(1). The purpose of section 363(c)(1) of the Bankruptcy Code is to provide a debtor with the flexibility to engage in its day-to-day transactions without incurring excessive monitoring costs that would result from the need to provide notice of, and obtain approval for, ordinary course activities. See, e.g., Medical Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 384 (2d Cir. 1997); Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.), 207 B.R. 406, 409 (S.D.N.Y. 1997). The Debtor's ability to continue using its Cash Management System and engage in related routine transactions falls within the

parameters of section 363(c)(1) of the Bankruptcy Code. See Amdura Nat'l Distrib. Co. v. Amdura Corp., Inc. (In re Amdura Corp., Inc.), 75 F.3d 1447, 1453 (10th Cir. 1996); In re Charter Co., 778 F.2d 617, 621 (11th Cir. 1985) (holding that a debtor's request for authority to continue using its existing cash management system is consistent with section 363(c)(1) of the Bankruptcy Code).

15. To the extent that continuing to use the Cash Management System is beyond the ordinary course of the Debtor's business, the Debtor submits that such use is permitted by sections 363(b)(1) and 105(a) of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b). Courts generally hold that a debtor's decision to enter into a transaction outside the ordinary course of business is governed by the business judgment standard. See Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). Further, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. Accordingly, the Debtor's request to maintain its existing Cash Management System is a reasonable exercise of its business judgment.

**B. Certain U.S. Trustee Guidelines Regarding the Debtor's Bank Accounts Should Be Waived**

*(i) The Court Should Grant Debtor a Temporary Waiver of the U.S. Trustee Guidelines Regarding Debtor's Bank Accounts and Business Forms*

17. The operating guidelines relating to bank accounts set forth by the Office of the United States Trustee for the Southern District of New York pursuant to the *U.S. Trustee's*

*Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees* ("U.S. Trustee Guidelines"), which were adopted in order to assist the U.S. Trustee in supervising the administration of chapter 11 cases, require chapter 11 debtors to, among other things: (a) close all existing bank accounts; (b) open new debtor-in-possession operating, payroll and tax accounts at certain financial institutions designated as authorized depositories by the U.S. Trustee; and (c) obtain and utilize new checks for all debtor-in-possession accounts which bear the designation "Debtor-in-Possession" or "DIP" and contain certain other information relating to the chapter 11 case.

18. Strict, immediate enforcement of the U.S. Trustee Guidelines in this chapter 11 case would disrupt the Debtor's ordinary business operations and cause unnecessary concern among its remaining employees, vendors, and customers, thereby reducing efficiency and causing avoidable expense. Here, the Debtor's continued use of the Bank Accounts is critical to its smooth and orderly transition into chapter 11, until such time as the Bank Accounts can be converted to DIP Accounts, or closed with a new DIP account having been opened and all transfers having been successfully transitioned between accounts so as to fully protect the Debtor's estate and creditors.

19. For those bank accounts at banks which are authorized depositories by the U.S. Trustee, the Debtor will seek to convert and/or transition those accounts into DIP accounts. For bank accounts at unauthorized depositories, the Debtor will, as soon as practicable, close those accounts and open new DIP accounts at an authorized depository to the extent such accounts remain necessary.

*(ii) Business Forms*

20. Finally, in the ordinary course of business, the Debtor uses a variety of checks and other business forms, including purchase orders and invoices (collectively, "Business Forms"). By virtue of the nature and scope of the Debtor's business, and the numerous suppliers of goods and services and other parties with whom the Debtor conducts business, it is imperative that the Debtor be permitted to continue to use the Business Forms subject to the notation of a debtor in possession designation without alteration or change. Debtor has the capability to affix the "debtor in possession" designation on those Business Forms which are created by computer, and stamp its existing checks with "debtor in possession." Except as set forth herein, the Debtor submits that changing its Business Forms would be unnecessary and burdensome to the estate, as well as expensive and disruptive to ongoing business operations.

21. Accordingly, the Debtor requests that this Court authorize the Debtor to maintain its Cash Management System relating to its Bank Accounts and Business Forms as set forth herein. The Debtor submits that the proposed course of action described above will satisfy the purposes of the U.S. Trustee Operating Guidelines without unnecessary disruption to the estate. All parties in interest in the case will be best served by the relief requested herein because it will minimize disruption to the Debtor's business operations.

## **REQUEST FOR WAIVER OF STAY**

22. The Debtor further seeks a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court others otherwise." As set forth above, maintenance of the Debtor's Cash Management System and continued access to its Bank Accounts is essential to

prevent irreparable damage to the Debtor's operations and value. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

## NOTICE

23. The Debtor intends to serve a copy of this Motion with exhibits as set forth by Order of the Court. It is respectfully submitted that pursuant to section 102(1) of the Bankruptcy Code and Bankruptcy Rules 9006, 9007, 9013, and 9014, service in this manner constitutes adequate and sufficient notice of the relief requested herein.

24. No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE,** the Debtor respectfully requests entry of the Order annexed hereto granting the relief requested herein, together with such other and further relief as the Court deems just and proper.

Dated: November 4, 2026
Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
Proposed Counsel for the Debtor

By: *_/s/ Joseph S. Maniscalco_*
Joseph S. Maniscalco, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500