**LAMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Joseph S. Maniscalco, Esq.
*Proposed Counsel for the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PUERTO PLATA SEAFOOD CORP.,<br><br>Debtor. | Chapter 11<br>Case No. 26-45148 (JTB)<br><br>Subchapter V |

**DECLARATION OF DIONY URENA**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4**

I, Diony Urena, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1. I am a fifty percent (50%) owner and the President of Puerto Plata Seafood Corp. ("Debtor").

2. The Debtor filed a voluntary petition seeking relief under Subchapter V under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on November 3, 2026 ("Filing Date").

3. I submit this declaration ("Declaration") in support of the Debtor's voluntary petition and schedules ("Petition") for reorganization under Chapter 11 of the Bankruptcy Code and pursuant to Rule 1007-4 of the Local Rules of Bankruptcy Procedure for the Bankruptcy Court for the Eastern District of New York ("EDNY LBR").

4. Any capitalized term not defined herein shall have the meaning ascribed to such term in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and/or the EDNY LBR.

5. The Debtor has two (2) affiliated companies, Puerto Plata Fish Market, Inc. d/b/a Puerto Plata Seafood Restaurant & Billiards ("Fish Market") and Puerto Plata Seafood On The Water Corp. d/b/a Puerto Plata Seafood On The Water ("On The Water"). Fish Market and On The Water also filed voluntary petitions seeking relief under Subchapter V under Chapter 11 of Title 11 of the Bankruptcy Code on November 10, 2026, respectively.

6. Except as otherwise noted herein, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's financial condition. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

7. Unless otherwise indicated, the financial information set forth in this Declaration is unaudited.

8. The Debtor will continue to remain in possession of its assets, operate its business and manage its affairs as a debtor-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

9. The Debtor has not previously filed a petition for reorganization under Chapter 11 or any other chapter.

10. Yann Geron has been appointed the Subchapter V Trustee in this case.

## BACKGROUND

### A. Business Operations

11. The Debtor is a New York corporation that was established in 2013. The Debtor operates as a wholesale seafood distributor to restaurants and marketplaces. The Debtor's principal place of business is located at 98-21 97th Avenue, Ozone Park, New York 11416.

**B. Events Leading to the Chapter 11 Filing**

12. The Debtor's Chapter 11 filing was precipitated by, among other things, the financial distress caused by inflation, cost of goods, tariffs and fluctuating market costs. This caused the Debtor to rely on merchant cash advances ("MCAs") to sustain business operations and assist with, among other things, cash flow, working capital, payroll and expenses. At their peak, the MCAs' repayment became unsustainable at an amount in excess of $200,000.00 per week. Because the Debtor was unable to pay its ordinary course debt, the Debtor sought bankruptcy relief.

13. Prior to seeking relief, the Debtor sought several reconciliations to reduce weekly obligations. While some MCAs worked with the Debtor on reducing their weekly obligations, others did not.

14. The Debtor commenced the Chapter 11 case to: (a) obtain the benefits of the automatic stay provided under the Bankruptcy Code and avail the company the breathing spell necessary to continue to operate the business; (b) address the resolution of obligations to its creditors; and (c) attempt an orderly reorganization to maximize value for the creditors and other parties in interest. Accordingly, on the Filing Date, the Debtor filed its Chapter 11 bankruptcy case.

15. The Debtor believes that with the protections of this Court and the Bankruptcy Code, it will be able to protect its remaining assets, maximize value of the estate for creditors, and propose a meaningful, feasible and confirmable plan of reorganization.

**INFORMATION REQUIRED BY EDNY LBR 1007-4**

EDNY LBR 1007-4 requires certain information related to the Debtor which is set forth below:

**LBR 1007-4(a)(i)**

16. The Debtor is not a small business debtor as defined by Bankruptcy Code §101(51D).

**LBR 1007-4(a)(ii)**

17. The Debtor is not a single asset real estate debtor as defined by Bankruptcy Code §101(51B).

**LBR 1007-4(a)(iii)**

18. The nature of the Debtor's business and a concise statement as to the circumstances leading to the filing under Chapter 11 is set forth above.

**LBR 1007-4(iv)**

19. This case was not originally commenced under Chapter 7, 12 or 13 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq.

**LBR 1007-4(a)(v)**

20. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 Case.

**LBR 1007-4(a)(vi)**

21. A list containing the names, addresses and the amounts of the claims of the Debtor's twenty (20) largest known general, unsecured creditors excluding "insiders" as that term is defined in § 101(31) of the Bankruptcy Code has been filed with the Debtor's bankruptcy petition and amended on November 17, 2026. See, ECF Nos. 1 and 23, respectively.

**LBR 1007-4(a)(vii)**

22. The Debtor has the following four (4) secured creditors which hold liens against the property of the estate referenced below totaling approximately $2,299,877.60:

a) U.S. Small Business Administration in the approximate amount of $1,097,293.03 for an Economic Injury Disaster Loan ("EIDL") loan;
b) OceanFirst Bank in the approximate amount of $500,000.00 for a line of credit;
c) ReadyCap Lending, LLC in the approximate amount of $452,598.36, and
d) TD Bank, N.A. in the approximate amount of $249,986.38.

**LBR 1007-4(a)(viii)**

23. The summary of the Debtor's assets and liabilities has been filed with the Debtor's Schedules. See, ECF No. 21.

**LBR 1007-4(a)(ix)**

24. The Debtor has no publicly held securities.

**LBR 1007-4(a)(x)**

25. All of the Debtor's real property and financial assets are under the control of the Debtor. The Debtor does not have any property that is in the possession or custody of any other custodian, public officer, mortgagee, pledgee, assignee or any other person.

**LBR 1007-4(a)(xi)**

26. The Debtor leases its business location with an address of 98-21 97th Avenue, Ozone Park, New York 11416.

**LBR 1007-4(a)(xii)**

27. The Debtor's assets are located at the Debtor's business location. The Debtor's books and records are maintained at the Debtor's business location as well as with the Debtor's accountant, Claudia Trofer, 45 Maple Street, Garden City, New York 11530. The Debtor does not own any assets that are physically located outside the United States.

**LBR 1007-4(a)(xiii)**

28. Below is a list identifying each action (pending or threatened) against the

Debtor or Debtor's property where a judgment or a seizure of its property may be imminent as of the Filing Date:

- Trevor Perkins v. Gold Standard Seafood Imports and Puerto Plata Seafood Corp., Index No. 813350/2024 (personal injury action) pending in Supreme Court, Bronx County;
- Lorraine Johnson v. Puerto Plata Seafood Corp., Index No. 510394/2020 (personal injury action) pending in Supreme Court, Kings County; and
- Roberto Nunez v. Puerto Plata Seafood Corp., Index No. 732251/2026 (wage claim action) pending in Supreme Court, Queens County.

**LBR 1007-4(a)(xiv)**

29. The Debtor's senior management is comprised of myself, co-owner Rudy Liriano, and office management, Jailene Liriano and Mary Hernandez.

**LBR 1007-4(a)(xv)**

30. The Debtor has approximately thirty-six (36) employees. Employees are paid on a weekly basis. For the thirty (30) day period following the filing, the Debtor's weekly payroll obligation totals the approximate amount of $58,000.00 for all employee wages.

**LBR 1007-4(a)(xvi)**

31. For the thirty (30) day period following the filing, the Debtor's weekly payroll obligation totals the approximate amount of $4,273.75 for officer and shareholder salaries.

**LBR 1007-4(a)(xvii)**

32. The Debtor's budget, previously annexed to Debtor's emergency Motion for Use of Cash Collateral [see, ECF No. 6 sets forth a detailed schedule of 30-day estimated cash receipts, disbursements, and obligations of the Debtor.

**LBR 1007-4(a)(xviii)**

33. The Debtor maintains all business commercial policies, inclusive of workers' compensation, family paid leave and disability insurance in place and they are all current.

**LBR 1007-4(a)(xix)**

34. The Debtor has the following bank accounts, with balances as of the Filing Date:

i. Bank of America (Checking Account ending in 6349) - Value $0.00;
ii. OceanFirst (Checking Account ending in 6264) - Value $48,129.55;
iii. Bank of America (Checking Account ending in 2560) – Value $0.00
iv. TD Bank, N.A. (Checking Account – Dormant – ending in 4330) – Value $0.00.

**WHEREFORE**, it is respectfully requested that the Debtor be authorized to continue in the operation and management of its business and affairs. I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct.

Dated: November 17, 2026

**PUERTO PLATA SEAFOOD CORP.**

By: *<u>/s/ Diony Urena</u>*____________________________
DIONY URENA, President